PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| PAUL RAYMOND KNAPP, | ) |
| Plaintiff, | ) CASE NO. 5:18CV1779 |
| v. | ) JUDGE BENITA Y. PEARSON |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) **MEMORANDUM OF OPINION AND ORDER** |

An Administrative Law Judge ("ALJ") denied Plaintiff Paul Raymond Knapp's applications for period of disability ("POD"), disability insurance benefits ("DIB"), and supplemental security income ("SSI") after a hearing in the above-captioned case. That decision became the final determination of the Commissioner of Social Security when the Appeals Council denied the request to review the ALJ's decision. The claimant sought judicial review of the Commissioner's decision, and the case was automatically referred to Magistrate Judge Jonathan D. Greenberg for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(1). On May 13, 2019, the magistrate judge submitted a Report and Recommendation (ECF No. 17) recommending that the Court affirm the Commissioner's decision. Plaintiff filed an Objection to the Report and Recommendation (ECF No. 18), and the Commissioner replied (ECF No. 19), stating that he[1] would stand on the grounds argued in his

---

[1] At the time the suit was filed, Nancy A. Berryhill was the Acting Commissioner of Social Security. On June 17, 2019, Andrew M. Saul became the Commissioner of

(continued...)

(5:18CV1779)

merits brief (*see* ECF No. 15). For the reasons that follow, the Court adopts the Report and Recommendation (ECF No. 17) and affirms the decision of the Commissioner of Social Security.

## I. Background

Magistrate Judge Greenberg's Report and Recommendation thoroughly narrates the procedural history, describes the medical evidence, and analyzes the merits of Plaintiff's appeal. It explains that the ALJ denied Plaintiff's claims because he found, based on Plaintiff's age, education, work experience, and residual functional capacity ("RFC"), that Plaintiff can still participate in the national economy, and he is therefore not disabled. ECF No. 17 at PageID#: 491; ECF No. 10 at PageID#: 69. The ALJ acknowledged Plaintiff's severe impairments[2] and moderate limitations,[3] but concluded that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." ECF No. 10 at PageID#: 74 (citations to the

---

[1](...continued)
Social Security.

[2] "The claimant has the following severe impairments: Epilepsy, organic brain syndrome, depressive disorder, generalized anxiety disorder and adjustment disorder." ECF No. 10 at PageID#: 68 (citing 20 C.F.R. §§ 404.1520(c) and 416.920(c)).

[3] The ALJ identified "moderate limitations" in "understanding, remembering, or applying information," in "interacting with others," and in "concentrating, persisting, or maintaining pace . . . ." ECF No. 10 at PageID#: 69. The ALJ concluded that Plaintiff had no "marked" or "extreme" limitations. *Id.* at PageID#: 69-70. "He [can] never climb ladders, ropes or scaffolds, [and] he [can] occasionally climb ramps and stairs. He must avoid workplace hazards such as unprotected heights or exposure to dangerous moving machinery. He cannot perform work related driving. The claimant is limited to simple, routine tasks that do not involve arbitration, negotiation, confrontation, directing the work of others or being responsible for the safety or welfare of others. The claimant cannot perform piece rate work or assembly line work. The claimant is limited to occasional interaction with others." *Id.* at PageID#: 70.

(5:18CV1779)

Code of Federal Regulations omitted). Accordingly, the ALJ denied Plaintiff's benefits applications. *Id.* at PageID#: 76.

Appealing that decision, Plaintiff argued that the ALJ's decision did not adequately account for the medical opinion of the consultative psychologist Dr. Robert F. Dallara, Jr., when he determined the Plaintiff's RFC.[4] ECF No. 13. The Commissioner responded and urged, first, that the ALJ was not obligated to adopt all of Dr. Dallara's assessed limitations, and second, that the ALJ's findings and conclusions were not inconsistent with Dr. Dallara's opinion. ECF No. 15.

The magistrate judge agreed with the Commissioner and stated, "[A]lthough the ALJ assigned 'great weight' to Dr. Dallara's opinion, he was not required to include all of Dr. Dallara's limitations in the RFC or explain why he did not adopt all of the limitations." ECF No. 17 at PageID#: 497 (quotation marks, citations, and alteration omitted). The magistrate judge further observed that, "to the extent there are any deviations between the RFC and Dr. Dallara's conclusions, the ALJ provided an explanation in the decision." *Id.* The magistrate judge concluded by reporting that "the ALJ clearly articulated his reasons for finding Knapp capable of performing work as set forth in the RFC and these reasons are supported by substantial evidence," and recommending that the Commissioner's decision be affirmed. *Id.* at PageID#: 503.

---

[4] Specifically, Plaintiff's assignment of error reads, "The residual functional capacity determination is unsupported by substantial evidence because the ALJ improperly excluded disabling portions of the favorably weighed opinion from consultative psychologist Dr. Dallara." ECF No. 13 at PageID#: 443.

3

(5:18CV1779)

Plaintiff filed a single objection (ECF No. 18), in which he reiterated the argument that he made in the first instance: "The Magistrate Judge's finding that the ALJ properly reconciled the RFC with Dr. Dallara's opinion should be rejected." ECF No. 18 at PageID#: 505. In response, the Commissioner stated that he would rely on his merits brief. ECF No. 19.

## II. Standard of Review

When a magistrate judge submits a Report and Recommendation, the Court is required to conduct a *de novo* review of the portions of the Report and Recommendation to which an appropriate objection has been made. 28 U.S.C. § 636(b). Objections must be specific, not general, in order to focus the court's attention upon contentious issues. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). The primary issue then becomes whether substantial evidence supports the Commissioner's decision. The Court's review of the Commissioner's decision is limited to determining whether substantial evidence, viewing the record as a whole, supports the findings of the administrative law judge. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978); *Bartyzel v. Comm'r of Soc. Sec.*, 74 F. App'x 515, 522-23 (6th Cir. 2003). Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Besaw v. Sec'y of Health and Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (per curiam).

If substantial evidence supports the Commissioner's decision, a reviewing court must affirm the decision even if it would decide the matter differently. *Cutlip v. Secretary of Health*

(5:18CV1779)

*and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983) (per curiam)). Moreover, the decision must be affirmed even if substantial evidence would also support the opposite conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc). This standard "allows considerable latitude to administrative decisionmakers. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Id.* (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). In determining, however, whether substantial evidence supports the ALJ's findings in the instant matter, the Court must examine the record as a whole and take into account what fairly detracts from its weight. *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). The Court must also consider whether the Commissioner employed the proper legal standards. *Queen City Home Health Care Co. v. Sullivan*, 978 F.2d 236, 243 (6th Cir. 1992).

### III. Analysis

Plaintiff lodges a single objection to the Report and Recommendation, but his memorandum advances two distinct arguments. Both suggest the same conclusion: that the ALJ should have more clearly reconciled his decision with Dr. Dallara's medical opinion, and the failure to do so renders his decision unsupported by substantial evidence. *See* ECF No. 18.

**A. Purported Deviations from the Medical Opinion**

In the Report and Recommendation, the magistrate judge stated, "[A]lthough the ALJ assigned 'great weight' to Dr. Dallara's opinion, he was not required to include all of Dr. Dallara's limitations in the RFC or explain why he did not adopt all of the limitations." ECF No.

5

(5:18CV1779)

17 at PageID#: 497 (quotation marks, citations, and alteration omitted). Plaintiff insists that proposition is incorrect as a matter of law.

The parties do not dispute that, even when a medical source is given great weight, "the RFC determination is expressly reserved for the Commissioner." *Taylor v. Colvin*, 2013 WL 6162527 (N.D. Ohio Nov. 22, 2013) (citing 20 C.F.R. § 416.945(a)). More narrowly, Plaintiff insists that if the ALJ deviates from the proposed limitations of a medical opinion to which he gives great weight, he must explain why he declined to adopt those portions of the medical opinion. ECF No. 18 at PageID#: 506.

That contention, however, is beside the point. As the magistrate judge observed, "to the extent there are any deviations between the RFC and Dr. Dallara's conclusions, the ALJ provided an explanation in the decision." ECF No. 17 at PageID#: 497. "The ALJ acknowledged Dr. Dallara's conclusion Knapp 'may have some difficulties remembering and carrying out simple one or two step instructions.'" *Id.* at PageID#: 498 (citing ECF No. 10 at PageID#: 72). The ALJ expressly stated that he "considered the difficulty [Plaintiff] may have in this area," but that Plaintiff nonetheless displays an ability to perform tasks of the type that might be necessary in the workplace. Plaintiff "'lives alone, cooks, drives and performs household chores' and 'uses a checkbook and handles a savings account.'" *Id.* at PageID#: 498-99 (citing ECF No. 10 at PageID#: 70, 73). Employing that reasoning, the ALJ "limited Knapp to simple, routine tasks in the RFC." *Id.* at PageID#: 498 (citing ECF No. 10 at PageID#: 70).

Plaintiff rejoins that his ability to perform old, rote tasks does not suggest an ability to learn new ones. ECF No. 18 at PageID#: 507. Plaintiff's preferred conclusion is perhaps logical,

6

(5:18CV1779)

but it is by no means the only conclusion the ALJ could reasonably have drawn from the evidence presented. The ALJ observed that Plaintiff may have difficulty with one- or two-step instructions but that he has demonstrated an ability to carry out one- or two-step tasks once he has learned them. ECF No. 10 at PageID#: 72-73. The ALJ also recounted that state agency psychological consultants Marjorie Kukor, Ph.D., and Joseph Edwards, Ph.D., "indicated the claimant could understand and remember 1-3 step tasks which are not detailed," and that he could follow more extensive instructions with the benefit of written or verbal reminders. *Id.* at PageID#: 73. Based on the testimony of the vocational expert, the ALJ concluded that Plaintiff could perform the requirements of occupations such as laundry worker, mail clerk, or office helper. *Id.* at PageID#: 75.

The Court "must defer to an agency's decision even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (quotation marks and citation omitted). The magistrate judge correctly determined that the ALJ's decision was supported by substantial evidence even in light of Dr. Dallara's proposed limitations.

**B. Adherence to Agency's Own Reasoning**

Plaintiff also takes issue with the magistrate judge's reading of Dr. Dallara's opinion itself. The magistrate judge noted, "Dr. Dallara concluded Knapp '*may* have some difficulties remembering or carrying out simple one or two-step instructions," but his opinion "does not definitively state Knapp could not perform one or two step instructions. Rather, Dr. Dallara is

7

(5:18CV1779)

suggesting Knapp may have some difficulties in this area, but does not provide a specific limit for Knapp." ECF No. 17 at PageID#: 498. Plaintiff objects that the ALJ did not parse Dr. Dallara's words in this way, and even if the magistrate judge's reading of the medical opinion is fair in a vacuum, the Court may not rely on a distinction that the ALJ never made. ECF No. 18 at PageID#: 507-09 (citing *S.E.C. v. Chenery Corp.*, 332 U.S. 194, 196 (1947) ("[A] reviewing court, in dealing with a determination or judgment which an agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency.")).

There is no reason to conclude, however, that the ALJ failed to draw the same distinction that the magistrate judge did. The ALJ narrated Dr. Dallara's opinion by stating, "[Dr. Dallara] opined that the claimant may have some difficulties remembering and carrying out simple one or two-step instructions . . . ." ECF No. 10 at PageID#: 72. The ALJ continued, "While I considered the difficulty the claimant may have in this area . . . ." *Id.* By all appearances, the ALJ interpreted Dr. Dallara's opinion as anyone might, as an expression of some chance greater than a mere possibility, but less than an absolute certainty, that Plaintiff will struggle to remember and carry out one- and two-step instructions without reminders. The ALJ went on to illustrate that Dr. Dallara's opinion could not possibly be construed as a definitive preclusion from all one- and two-step tasks: Plaintiff "lives alone, cooks, drives and performs household chores" and "uses a checkbook and handles a savings account." ECF No. 10 at PageID#: 70, 73). He explained, citing medical evidence, that Plaintiff may perhaps follow more extensive instructions with the benefit of written or verbal reminders. *Id.* at PageID#: 73.

(5:18CV1779)

Plaintiff repeats the same objection regarding Plaintiff's ability to cope with stress and other workplace pressures.  ECF No. 18 at PageID#: 509 (Magistrate Judge Greenberg "again states that the qualifier of 'may' renders [Dr. Dallara's] opinion not definitive.").  This objection fails for the same reason: The magistrate judge's reading of Dr. Dallara's opinion accurately reflects the ALJ's reading.  The magistrate judge did not adopt a "post hoc rationalization" to support the ALJ's decision in the Report and Recommendation; rather, he fairly expounded on the logic of the ALJ's decision.

### IV. Conclusion

For the foregoing reasons, the Report and Recommendation of the magistrate judge is hereby adopted.  The decision of the Commissioner of Social Security is affirmed.  Judgment will be entered in favor of Defendant.


IT IS SO ORDERED.


| June 28, 2019 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |